IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES KERN WILKERSON, | ) | |
| | ) | Civil No. 05-1562-KI |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHARON BLACKETTER, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

    Caroline L. Davidson
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Ward D. Marshall
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

    1 - OPINION AND ORDER

KING, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He seeks to challenge his underlying state convictions for Rape in the First Degree and Sexual Abuse in the First Degree on the basis that he suffered from the ineffective assistance of trial counsel. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On July 15, 1997, petitioner was indicted on one count of Rape in the First Degree and two counts of Sexual Abuse in the First Degree for crimes committed between April 1, 1995 and August 1, 1996 against his girlfriend's daughter. Respondent's Exhibit 103, App-1. At the conclusion of the defense's case, the parties discussed whether these dates should be included in the jury instructions. The prosecuting attorney advised the court as follows:

> Well, I would prefer to open up the window a little bit so that it's not at issue since the law permits me to do that, so if you could say between August 1 of 1993 and August 1 of 1996. We could actually permissibly open the dates wider than that because of the nature of the crime but I think that's more than adequate. Clearly whatever happened happened between 1993 and '96.

Respondent's Exhibit 102, p. 122.

Petitioner's attorney indicated that he had no objection to such an instruction. *Id.* Accordingly, the trial judge provided the jury with the following instruction:

2 - OPINION AND ORDER

> And although the state must prove beyond a reasonable doubt that the crime occurred, the exact date when the crime occurred or was committed is not a material element that they have to prove. It is sufficient if the state establishes that the crime or crimes, if any, occurred between the dates of August 1, 1993 and August 1, 1996.

*Id* at 152.

On January 9, 1998, a Douglas County jury convicted petitioner on all counts. Respondent's Exhibit 103, p. 156. Pursuant to Measure 11,[1] the trial court imposed a 110-month sentence on the Rape conviction, and 75-month sentences on each of the Sexual Abuse convictions. Respondent's Exhibit 102, p. 173. Consistent with the State's recommendation, the trial court ordered that the Rape conviction run consecutively with one Sexual Abuse conviction, and concurrently with the other Sexual Abuse conviction. *Id.*

Petitioner filed a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion. *State v. Wilkerson*, 162 Or.App. 61, 985 P.2d 240 (1999). Petitioner did not petition the Oregon Supreme Court for review.

Petitioner next filed for post-conviction review ("PCR") in the Umatilla County Circuit Court. Respondent's Exhibit 105. Petitioner's Fourth Amended PCR Petition included an allegation that his trial attorney was constitutionally ineffective for failing to object to the expansion of the indictment period at the

---

[1] Measure 11 (codified as O.R.S. 137.700) was a ballot measure in Oregon which imposed mandatory minimum sentences for certain crimes committed on or after April 1, 1995.

3 - OPINION AND ORDER

conclusion of his trial. Respondent's Exhibit 105, p. 16. The PCR trial court made the following findings with respect to this claim:

> 18.  Petitioner failed to prove that the indictment was amended in any manner that was harmful to petitioner. In addition, with one exception (see Finding No. 21), petitioner failed to prove that his attorney acted unreasonably and was constitutionally inadequate with respect to his handling of the indictment and the jury instructions.
>
> 19.  Petitioner failed to prove that his trial attorney's performance was constitutionally inadequate, let alone that it was so inadequate that there was a "functional denial" of counsel in petitioner's case.
>
> 20.  Petitioner failed to prove that the trial court amended the dates on the indictment.
>
> 21.  Although petitioner is incorrect that the dates of the indictment were amended, a review of the trial transcript shows that both parties and the judge agreed to use the dates August 1, 1993 to August 1, 1996 in the jury instructions. Deputy District Attorney Gardner used this three-year time period in his closing argument. *See* Exhibit 102, pp. 123-124. And Judge Kolberg used the same three years in his instructions to the jury. *See* Exhibit 102, pp. 150-152. The problem in this case is that the three-year period used in closing argument and the jury instructions covers a period before and after the effective date of Measure 11, *i.e.*, April 1, 1995. As a result, it cannot be determined whether the jury found that petitioner committed the crimes before or after April 1, 1995. Since petitioner was charged with three Measure 11 crimes, his attorney should have objected to using any date earlier than April 1, 1995 in the jury instructions and in the State's closing argument. Given these circumstances, defendant has conceded that petitioner should be returned to Douglas County to be re-sentenced on all three convictions since petitioner was given three Measure 11 sentences,

4 - OPINION AND ORDER

>      without the possibility of any reduction for good
>      time.

Respondent's Exhibit 125, pp. 11-12.

The PCR trial court otherwise denied relief on petitioner's claims. Petitioner filed an appeal, but the Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Wilkerson v. Hill*, 199 Or.App. 628, 113 P.3d 990, *rev. denied*, 339 Or. 406, 122 P.3d 64 (2005).

Based on the PCR trial court's decision, the criminal trial court resentenced petitioner to non-Measure 11 sentences of 110 months for Rape in the First Degree, a consecutive 34-month sentence for Sexual Abuse in the First Degree, and a concurrent 34-month sentence for the second Sexual Abuse conviction. Respondent's Exhibit 101.

Petitioner filed this federal habeas corpus case on October 13, 2005 raising four grounds for relief containing various sub-claims. Petitioner elects to brief only a single claim of ineffective assistance of counsel based on counsel's decision to consent to the expansion of the indictment period. Respondent asks the court to deny relief on this claim because the underlying state court decisions are entitled to deference.

## DISCUSSION

I.   **Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in

5 - OPINION AND ORDER

a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

6 - OPINION AND ORDER

Petitioner argues that no deference is due to the PCR trial court's findings in this case because it incorrectly applied a preponderance of the evidence legal standard to his ineffective assistance of counsel claims. ORS 138.620(2) governs the burden of proof in Oregon's PCR proceedings, and requires only that "[t]he burden of proof of **facts** alleged in the petition shall be upon the petitioner to establish such **facts** by a preponderance of the evidence." ORS 138.620(2) (emphasis added).

Oregon law does not require PCR courts to misapply any governing legal standards, and the PCR trial court did not do so in petitioner's case. It merely applied the preponderance of the evidence standard to the facts of the case as it was required to do. Courts have consistently held that litigants seeking to prevail in a PCR proceeding must prove the facts of their case by a preponderance of the evidence. *See Holland v. Jackson*, 542 U.S. 649, 654 (2004); *Alcala v. Woodford*, 334, 862, 869 (9th Cir. 2003); *Davis v. Woodford*, 333 F.3d 982, 991 (9th Cir. 2003). The court therefore lends deference to the state court decisions as required by the Anti-Terrorism and Effective Death Penalty Act.

II. **Unargued Claims**.

As previously noted, petitioner elects to support only one claim with briefing. He neither provides argument in support of the remainder of the claims raised in his *pro se* Petition, nor attempts to refute the State's arguments in its Response that these

7 - OPINION AND ORDER

claims do not entitle him to relief. The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

### III. Ineffective Assistance of Counsel.

Petitioner asserts that his trial attorney provided unconstitutional representation when he consented to the expansion of the indictment period. According to petitioner, the last minute alteration of the time frame at issue in this case was forbidden by Oregon law, gave him insufficient notice of the charges against him, and prevented him from presenting an alibi defense that he resided in Michigan prior to October 1995.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

8 - OPINION AND ORDER

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696.

Under Oregon law, a prosecutor may amend an indictment as to form, but any amendment as to substance must be approved by the grand jury or authorized by law. *State v. Wimber*, 315 Or. 103, 843 P.2d 424 (1992). An indictment must allege the specific time an offense was committed only if time is a material element of the offense, and time is not a material element of either Rape in the First Degree or Sexual Abuse in the First Degree. *State v. Milbradt*, 305 Or. 621, 631-32, 756 P.2d 620, 625 - 26 (1988). "If the date of a crime is not a material element of the offense, variance between the date alleged and the date proven is not a fatal flaw, unless the date proven is outside the statute of limitations, or the defendant is prejudiced by the variance." *State v. Baldeagle*, 154 Or.App. 234, 240 (1998).

The issue in this case is whether petitioner suffered prejudice as a result of the variance between the dates in the original indictment and those referenced in the relevant jury instruction. During his PCR trial, petitioner introduced receipts

9 - OPINION AND ORDER

for purchases made in Michigan in March, April, and May 1995. Respondent's Exhibit 105, Exh. 13A. He also presented the PCR trial court with a document in which he claimed that he lived with the victim and her mother in Michigan from August 1994 until June 1995. Respondent's Exhibit 111. He also points to trial testimony from the victim's mother that the family moved from Michigan to a trailer in Winchester, Oregon in October 1995 as evidence that he was not in Oregon during the time period in question. See Respondent's Exhibit 102, p. 85.

Even assuming petitioner could prove that he lived in Michigan until October 1995, the entirety of the testimony adduced at trial established that petitioner's crimes occurred after the family had moved to the trailer Winchester, Oregon. As the victim testified, "[w]e bought a trailer with two hundred dollars and that's where all the trouble started," meaning that "[petitioner] started abusing me." Respondent's Exhibit 102, p. 36. She testified that the abuse occurred when her mother was at work and her younger siblings were napping. *Id* at 38-40, 42. The victim's great grandmother testified that this time period would have been from January 1996 until June 1996, the time period during which the victim's mother began working. *Id* at 56, 61. Consistent with this recollection, the victim's mother also testified that she began working in January or February 1996. *Id* at 79.

10 - OPINION AND ORDER

A thorough review of the record in this case reveals that the prosecution's evidence showed that petitioner began abusing the victim no earlier than January 1996. Accordingly, petitioner's alleged residence in Michigan until October 1995 had no bearing on the case presented against him. Because the evidence presented at trial was consistent with the dates alleged in the original indictment, petitioner was given adequate notice of the charges against him and an opportunity to prepare his defense.

In addition, the original indictment charged petitioner with conduct beginning on April 1, 1995, a time when he claims to have resided in Michigan. Despite this fact, petitioner never elected to raise an alibi or jurisdictional defense to the charges based on his Michigan residency. Given that the State's evidence at trial related only to events which occurred in 1996, petitioner had no greater incentive to raise an alibi or jurisdictional defense based on the broadened jury instruction than he did when the original indictment was handed down.

Because the expansion of the indictment period was neither substantive nor prejudicial, counsel was under no duty to object. Even assuming counsel's performance fell below an objective standard of reasonableness when he declined to object to the proposed jury instruction, any successful objection would have made no difference in the outcome of the trial since the State's evidence pertained only to dates which were well within those

11 - OPINION AND ORDER

identified in the original indictment. Accordingly, the court concludes that the state court decisions denying relief on petitioner's ineffective assistance of counsel claim are neither contrary to, nor unreasonable applications of, clearly established federal law. For the same reasons, petitioner's alternative request for an evidentiary hearing is denied. *See Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this <u>10th</u> day of September, 2007.

           <u>/s/ Garr M. King</u>
             Garr M. King
             United States District Judge